GORMAN, J.
Upon May 4,1917, James Maloney was arrested on a warrant issued by the governor of the state of Ohio in extradition charging him with being a fugitive from justice from the state of Pennsylvania, county of Lancaster. Maloney was taken into custody by the sheriff of Hamilton county under the warrant issued by 'the governor, and before he had an opportunity to be taken before one of the judges of the court of common pleas, as required by Sees. 113 and 114 G. C., a writ of habeas corpus was sued out on his behalf by Denis T. Hackett in which it was alleged that Maloney was illegally restrained and deprived of his liberty, without any legal authority, by George F. Schott, sheriff of Hamilton county, Ohio. The sheriff answered the writ, setting *358 out that he held Maloney by virtue of the warrant issued by the governor of the state of Ohio, which warrant was issued at the request of the governor of Pennsylvania for the arrest of said James Maloney, and was directed to him as sheriff of Hamilton county, commanding him to arrest and detain the said Maloney.
Upon Maloney being brought into the court of common pleas, a hearing was held by one of the judges thereof, and Maloney was discharged from the custody of the sheriff. The entry discharging Maloney is as follows:
‘ ‘ This cause came on to be heard on the pleadings and the evidence, all the parties being in court, and upon due consideration thereof the court finds that the said prisoner is unlawfully restrained of his liberty, because the affidavit dated December 30, 1916, does not charge a crime under the laws of Pennsylvania, and that the proceedings before the governor of Ohio were not in accordance with the laws of Ohio.”
Error was prosecuted to that judgment discharging the prisoner, and the cause is now in this court for our determination..
It appears that the judge who heard the cause in the common pleas court conceived it to be his duty to hear the case upon its merits as to whether or not Maloney was guilty of an offense in the state of Pennsylvania. Evidence was permitted to be introduced by counsel for Maloney tending to show that Maloney was not an employee of one Duncan, and that he was in business in Lancaster, Pa., on his own account. We think in permitting this evidence to be adduced at this hearing the court of common pleas misconceived the province of the writ of habeas corpus.
The sole question for the court was whether or not the Governor of Ohio was authorized in issuing a warrant for the arrest and extradition of Maloney upon the i*equest of the Governor of Pennsylvania. The record discloses that the Governor of Pennsylvania made a request to the Governor of Ohio for the surrender and designated as the agent of the state of Pennsylvania one H. R. Steigerwalt. The record also shows that there was an affidavit made before John F. Heinitsch, an alderman in and for the city of Lancaster and county of Lancaster and state of Pennsylvania, by one H. A. Duncan, charging that James Maloney did on or about the 19th to 23d of December, *359 1916, in the city of Lancaster, unlawfully and willfully commit embezzlement; that said James Maloney then and there being employed by H. A. Duncan as a salesman to sell fruit, etc., did by virtue of such employment receive and take into his possession $146.05, which is the subject of larceny for and on account of his said employer; and did then and there unlawfully, fraudulently and feloniously embezzle the said $146.05; contrary to the acts of the assembly of the commonwealth of Pennsylvania in such cases made and provided. This affidavit was dated December 30, 1916, and certified as being a true and correct copy by said aider-man.
There was also offered in evidence the warrant of the Governor of the state of Ohio, which recites, among other things, that—
“^Requisition has been made upon me (the governor of Ohio) by the governor of the state of Pennsylvania for the extradition of James Maloney, alleged fugitive from justice of said state of Pennsylvania, charged with the crime of felonious embezzlement, as appears by a copy of complaint duly authenticated and attached to the requisition aforesaid.”
There also is in evidence a copy of Sec. 107 of thé act of the assembly of the commonwealth of Pennsylvania, passed March 31, 1850, P. L. 408. This reads as follows:
“If any clerk, servant, or other person in the employ of another, shall by virtue of such employment receive and take into his possession any chattel, money or valuable security, which is or may be made the subject of larceny, for or in the name, or on account of his master, or employer, and shall fraudulently embezzle the same, or any part thereof, every such offender shall be deemed to have feloniously stolen the same from his master or employer, although such chattel, money or security was not received into the possession of such master or employer otherwise than by the actual possession of his clerk, servant or other person in his employ, and shall be punished as is provided in cases of larceny of like property. ’ ’
We do not know whether this was all the evidence adduced before the Governor of Ohio upon which he issued his warrant for the arrest of James Maloney.
*360 The constitution of the United States, Art. IV, See. 2, Clause 2, provides that:
“A person charged in any state with treason, felony or other crime, who shall flee from justice and be found in another state, shall on demand of the executive authority of the state from which he has fled, be delivered up to be removed to the state having jurisdiction of the crime.”
Congress enacted Sec. 5278 U. S. Rev. Stat. for the purpose of carrying out this provision of the federal constitution.
The legislature of the state of Ohio has enacted See. 15341 G-. C., which is verbatim Sec. 5379 U. S. Rev. Stat. This section provides:
“Whenever the executive authority of any state or territory demands any person as a fugitive from justice, of the executive authority of any state or territory to which such person has fled, and produces copy of an indictment found or an affidavit made before a magistrate of any state or territory, charging the person demanded with having committed treason, felony or other crime, certified as authentic by the governor or chief magistrate of the state or territory from whence the person so charged has fled, it shall be the duty of the executive authority of the state or territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear. ’ ’
The warrant of the governor of the state of Ohio recites that “a copy of the complaint charging the crime against Maloney, duly authenticated and attached to the requisition aforesaid,” was presented to him. There is an absence of any evidence in this case that such complaint duly authenticated was not before the governor, and we are bound to presume that the governor acted upon the evidence duly presented and duly authenticated.
It is claimed by counsel for Maloney that under Sec. 110 G-. C. it was the duty of the person who made the demand or application for a warrant to the governor of the state of Ohio that he should present sworn evidence that Maloney was a *361 fugitive from justice and that the demand was made in good faith for the punishment of a crime, and
“not for the purpose of the collection of debt or pecuniary mulct or of removing the alleged fugitive to a foreign jurisdiction to serve him with civil process, and by a duly attested copy of an indictment or information, or a duly attested copy of a complaint made before a court or magistrate authorized to take it and accompanied with an affidavit or affidavits to the facts constituting the offense charged by persons having actual knowledge thereof. ’ ’
Section 110 G. C. does not provide that the demand made upon the governor of this state shall be accompanied by such evidence. For all that appears in the record in this ease the demand made upon the governor of the state of Ohio was accompanied by this evidence. The record before us does not pretend to contain all the evidence' presented to the governor of the state of Ohio by the agent of the governor of the state of Pennsylvania for the requisition of Maloney. Whether or not such evidence was before the governor of the state of Ohio, we hold that it was his duty to issue his warrant, upon the demand of the governor of the state of Pennsylvania, if the demand were accompanied by an affidavit certified as authentic, setting forth the charge made against the person who had fled from the state, and said charge set forth a crime or felony committed in another state.
It is not within the province of the governor of the state of Ohio to inquire whether or not the person who was sought to be extradited was guilty of the offense charged. All that he was obliged to do, and all that he should do would be to ascertain whether or not there was evidence charging the commission of a crime or felony, against the person who was sought to be extradited, and that this evidence was duly authenticated.
It was not the province of the court of common pleas under Sees. 113, 114 G. C. to review the action of the Governor of the state of Ohio; nor could the court of common pleas in this case determine whether or not James Maloney was guilty of the commission of a crime in the state of Pennsylvania, if the crime were charged; and the affidavit submitted in this case appears to us to charge the commission of embezzlement under Sec. 107 of the *362 assembly of the commonwealth of Pennsylvania above cited. It was not the province of the court of common pleas to hear testimony as to whether or not Maloney was engaged in business on his own account or as an employee of some other person in the state of Pennsylvania, city of Lancaster. These sections, 109 to 118, inclusive, were passed by the legislature of this state for the purpose of aiding and assisting the governor in extradition matters, and not for the purpose-of thwarting him in the administration of his functions as governor of the state.
If See. 110 G. C. should be construed as is claimed by counsel for Maloney, then we hold it would be in contravention of the provision of the federal constitution above cited, and in contravention of the statute, Sec. 5278 U. S. Rev. Stat. (See. 15341 G. C.), and to that extent it would be null and void. But as we read this section and construe it, we think it applies to the governor of the state, and not to a judge of the court of common pleas. It was passed for the purpose of guiding the governor in determining whether or not a warrant should be issued. It related to the evidence that must be adduced to the governor, and there is no provision in the statute which requires all the evidence adduced before the governor to be presented to a judge of the court of common pleas, the Supreme Court or the court of appeals when an extradited person is brought before any one of these courts.
Section 113 G. C. provides:
“If the governor decide to comply with the demand for the surrender of a person charged with an offense committed in another state or territory, he shall issue a warrant to the sheriff of the county in which the person so charged may be found, commanding him forthwith to arrest and bring such person before a judge of the Supreme Court, of the court of appeals or of the common pleas court, to be examined on the charge.”
Section 114 G. C. provides :
“Upon the return of the warrant by the sheriff with the person so charged in custody, the judge before whom the person so arrested is brought shall proceed to hear and examine the charge. Upon proof by him adjudged sufficient, he shall commit such person to the jail of the county for a time to be fixed *363 by him in the order of commitment; thereupon such judge shall cause notice to be given to the executive authority making such demand, or to the agent duly appointed and authorized to receive the fugitive.”
As was said by Judge Longworth in the case of Van Vleck, Ex parte, 6 Dec. Re. 636 (7 Am. L. Rec. 636; 3 Bull. 763):
“The act of congress (Sec. 5278, U. S. E. S.).passed in pursuance of Sec. 2, Art. 4 of the constitution of the United States, gives to the governor of the state upon whom the requisition is made no discretion to inquire into any question further than the identity of the fugitive and the regularity of the requisition papers. Any attempt by state laws to clothe him with greater jurisdiction would be in conflict with the act of congress.”
In this case the identification of Maloney was undisputed. His own testimony and the testimony of others was to the effect that he was the person who was charged with the commission of the crime in Lancaster, Pennsylvania. The affidavit, in our opinion, sufficiently charged the crime under the law of Pennsylvania. The governor’s warrant appears to be regular and authentic, and the demand by the governor of Pennsylvania upon the governor of Ohio appears to be in all respects in accordance with the law. There was no necessity, in our opinion, for an additional affidavit before the court of common pleas such as described in See. 110 G. C. But if there were necessity for such an affidavit, for all that appears in this case such an affidavit was before the governor. The record fails to show the absence of such an affidavit.
The court of common pleas in undertaking to hear and determine the question of Maloney’s guilt greatly exceeded its jurisdiction and authority. No such power is vested in a court of common pleas under a habeas corpus ease to hear and determine a charge of felony committed in another state.
The prisoner, Maloney, should have been remanded to the sheriff, and the habeas corpus should have been dismissed; and because of the failure to take such action by the court of common pleas, the judgment is reversed.
Jones, P. J., concurs.